UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

FRIENDS OF THE EAST HAMPTON AIRPORT, INC.,
ANALAR CORPORATION, HELICOPTER
ASSOCIATION INTERNATIONAL, INC.,
HELIFLITE SHARES LLC, LIBERTY HELICOPTERS,
INC., and SHORELINE AVIATION, INC.,

        No. 15-Civ-441 (JS) (ARL)

        Plaintiffs,

-against-

THE FEDERAL AVIATION ADMINISTRATION and
MICHAEL P. HUERTA, FAA Administrator, in his official
capacity,

        Defendants.

------------------------------------------------------------------------x


**PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO THE
MOTION TO INTERVENE BY THE TOWN OF EAST HAMPTON**


LANKLER SIFFERT & WOHL LLP
Lisa Zornberg
Jonathan Lamberti
500 Fifth Avenue, 34th Floor
New York, NY 10110
(212) 921-8399
*Attorneys for Plaintiffs*

Plaintiffs respectfully submit this memorandum of law in opposition to the motion by the Town of East Hampton ("the Town") to intervene as a party in this action.

1. **The Town Should Be Held to Its Previous Representations that Its Participation in this Action Is Unnecessary and Unwarranted.**

Four months ago, when Plaintiffs sought to consolidate this action (the "FAA Action") with *FOEHA v. Town of East Hampton*, No. 15 Civ. 2246 (the "Town Action"), the Town strongly opposed consolidation. In an apparent tactical effort to keep the FAA away from the Town Action, the Town was exceptionally clear and forceful in its view that it was legally unnecessary and unwarranted either for the Town to participate in the FAA Action, or for the FAA to participate in the Town Action.  Specifically, the Town told this Court:

- "[T]he Town opposes consolidation for the simple reason that based on the complaints there are no common issues of law or fact and consolidation would not serve judicial economy."

- "The validity of a 2005 settlement agreement between the FAA and a third-party and the validity of the FAA's 2012 construction [in the Bishop Responses] of a statute which it administers do not raise common issues of fact or law with the constitutionality of local laws which the Town adopted in 2015."

- "If Plaintiffs were to prevail in the FAA Action, that would allow the FAA to take whatever enforcement action it decides may be warranted.  That decision is not a determination of whether the local laws adopted by the Town are constitutional . . . ."

- "[W]hether the local laws are constitutional does not affect any of the issues presented in the FAA Action."

1

Letter from Town at 2, No. 15 Civ. 2246 (E.D.N.Y. May 4, 2015), ECF No. 35, attached hereto as Exhibit A.[1]

The Town now says just the opposite. With the Town Action up on appeal – *without* the FAA as a party – the Town has apparently reassessed its tactical position as to the FAA Action, and now contends that its intervention in this action is necessary because the FAA Action and Town Action raise "the same issues," and the Town "has a direct stake" in the outcome. *See* Town of East Hampton's Mem. of Law in Supp. of Its Mot. to Intervene ("Mot."), at 1, 8.

Gamesmanship unfortunately appears to be at play, and should not be rewarded. The Court should hold the Town to the representations it made to this Court in its May 4, 2015 letter submission and deny its motion to intervene. *See Citizens Against Casino Gambling in Erie Cnty. v. Hogen*, 704 F. Supp. 2d 269, 282 (W.D.N.Y. 2010) (denying intervention where motion was "an attempt to circumvent the consequences of a strategy [movant] no longer wishe[d] to be bound by").

Plaintiffs keenly seek to avoid any gamesmanship and unwarranted delay. Our interest is in having this action proceed expeditiously to a decision on the merits. Should the Court wish to hear from the Town on any legal issue relating to the disposition of this matter, Plaintiffs have no objection to the Town being heard as *amicus curiae*. The Town, however, is not a necessary party to this action and should not be granted intervenor status.

---

[1] Formal briefing and decision on the consolidation motion was deferred because the Town objected to consolidation and the parties in the Town Action were in midst of briefing emergency injunction papers. On August 14, 2015, Plaintiffs withdrew their application for consolidation because the current procedural postures of the two actions are now too different for consolidation to be efficient.

### 2. The Town Has No Right to Intervene Under Rule 24(a), and Should Not Be Permitted to Do So.

The Town has no legal right to intervene in the FAA Action because it is not a necessary party. The Town acknowledged this when it insisted to this Court four months ago that there is an important degree of separation between the two actions because judgment in Plaintiffs' favor in the FAA Action would not necessarily affect the Town unless and until the FAA then brought a separate enforcement action against the Town's local laws and prevailed. Ex. A at 2. Thus, the Town itself has professed that any harm to its interest would be contingent on other events occurring *after* a finding in Plaintiffs' favor – an acknowledgement that defeats the Town's current application under Rule 24(a)(2). *See Washington Elec. Coop. v. Mass. Municipal Wholesale Elec. Co.*, 922 F.2d 92, 96-97 (2d Cir. 1990) (intervention not warranted where movant's interest contingent on other events); *Am. Lung Ass'n v. Reilly*, 141 F.R.D. 19, 22-23 (E.D.N.Y. 1992) (denying motion to intervene in action against federal agency where movant's interest was based on "double contingency" of plaintiffs prevailing and federal agency taking subsequent steps to revise its standards).

As the Second Circuit has stated, to be entitled to intervene as a matter of right, "[i]t is not enough . . . for a third party to have an interest, even a very strong interest, in the litigation. Nor is it enough for a third party to be adversely affected by the outcome of the litigation." *MasterCard Int'l Inc. v. Visa Int'l Inc.*, 471 F.3d 377, 387 (2d Cir. 2006). Rather, intervention as of right under Rule 24(a)(2), like joinder under Rule 19(a), is available only to "those parties whose ability to protect their interests would be impaired **because of** that party's absence from the litigation." *Id.* at 387, 390 (emphasis in original). That is not the case here.

The Town argues it should be permitted to intervene to defend the correctness of the Bishop Responses because, it says, the Town relied on the Bishop Responses in enacting its local

3


laws. Mot. at 5. Here is the problem with that argument: Even if the Town relied on the Bishop Responses, and even if the Town would be adversely affected by a declaratory judgment by this Court that the Bishop Responses are legally incorrect, the Town could not bring any claim against the federal government based upon its reliance on the Bishop Responses. The Town simply lacks any *legally protectable* interest in the Bishop Responses. As the Town has conceded, it has no basis to assert estoppel against the FAA based on the Bishop Responses. *See* Def.'s Opp'n to Mot. for TRO, at 10 n. 2, No. 15 Civ. 2246 (E.D.N.Y. May 8, 2015), ECF No. 38.[2] Likewise, the statements in the Bishop Responses – an unsigned writing not even addressed to the Town – do not confer on the Town any enforceable contractual right. *See Field Day, LLC v. Cnty. of Suffolk*, 799 F. Supp. 2d 186, 195 (E.D.N.Y. 2011). Because the Town's reliance interest in the Bishop Responses is not legally protectable within the meaning of Rule 24(a)(2), the Town has no right to intervene to assert that interest. *See New York News, Inc. v. Kheel*, 972 F.2d 482, 486-87 (2d Cir. 1992).

The Town's citation to *Atlantic Sea Island Group, LLC v. Connaughton*, 592 F. Supp. 2d 1 (D.D.C. 2008) is inapposite. In *Atlantic Sea*, the plaintiff challenged a federal agency's determination that accorded special status to New Jersey under federal law entitling New Jersey to participate in the review of waterway license applications. New Jersey intervened, and had an unambiguous right to do so, because a decision in plaintiff's favor would immediately and directly injure New Jersey by depriving it of the statutory privileges accorded it under federal

---

[2] The Town had to concede that it has no basis to assert estoppel against the FAA because such a claim may be brought against the federal government only upon a showing of affirmative misconduct, which is absent here. *See United States v. Simpson*, No. 10-CR-0836, 2011 WL 7428808, at *6 (E.D.N.Y. Sept. 8, 2011) *adopted by* 2012 WL 628497 (E.D.N.Y. Feb. 27, 2012); *Goldberg v. Weinberger*, 546 F.2d 477, 481 (2d Cir. 1976) ("The government could scarcely function if it were bound by its employees' unauthorized representations."); *see also Lavin v. Marsh*, 644 F.2d 1378, 1383 (9th Cir. 1981) ("Persons dealing with the government . . . assume the risk that government agents may exceed their authority and provide misinformation.").

4

law. *Id.* at 6. Here, in contrast, Plaintiffs' action against the FAA does not require the FAA to take action directly against the Town.

Finally, intervention should be denied because adding the Town as a party will invariably lead to delay, complication, and unnecessary briefing. *See United States v. IBM Corp.*, No. 72 Civ. 344, 1995 WL 366383, at *5 (S.D.N.Y. June 19, 1995) ("Additional parties always take additional time."). The Town highlighted that risk when it opposed consolidation. Ex. A at 3 ("Consolidation would create the potential for confusion and unnecessary briefing . . . [and] unnecessary delay . . . ."). Particularly given that the Town has already extensively briefed to this Court its views of the Bishop Responses in the Town Action, there is no need for the Court to permit the Town to intervene for the purpose of replicating that briefing. Should the Court believe it would be useful to hear from the Town on an issue the Town has not already addressed, the Court may permit the Town to file a brief as *amicus curiae*.

## CONCLUSION

For the reasons stated above, the Court should deny the motion by the Town of East Hampton to intervene as a party in this action.

Dated: New York, NY
       September 22, 2015

<div style="text-align:right">

LANKLER SIFFERT & WOHL LLP

By: /s/ Lisa Zornberg
    Lisa Zornberg (lzornberg@lswlaw.com)
    Jonathan Lamberti (jlamberti@lswlaw.com)
    *Attorneys for Plaintiffs*

</div>

# EXHIBIT A



VIA ECF

May 4, 2015

The Honorable Sandra J. Feuerstein
United States District Court
P.O. Box 9014
100 Federal Plaza
Central Islip, New York 11722

Re: *FOEHA* v. *Town of East Hampton,* 15 Civ. 2246 (SJF) (ARL) ("Town Action")

Dear Judge Feuerstein:

We represent the Town of East Hampton, defendant in the Town Action, and write to oppose the letter motion by Plaintiffs seeking to consolidate the Town Action with *FOEHA* v. *FAA,* 15 Civ. 441 (SJF) (ARL) ("FAA Action").

Pursuant to FRCP Rule 42(a), the Court may consolidate cases that present common questions of fact or law. Conversely, the Court also has broad discretion to *deny* consolidation, even if there are common questions of law or fact, when consolidation will not promote judicial economy, will prejudice the parties, will delay one of the cases, or will result in confusion. *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284-1285 (2d Cir. 1990). For example, in *Aerotel, Ltd. v. Verizon Communications, Inc.*, 234 F.R.D. 64 (S.D.N.Y. 2005), Judge Griesa denied consolidation when the differences between the two cases outweighed the overlapping issues.

The Town believes that consolidation is not warranted both because it will not promote judicial economy or assist the parties and because there are no common issues of fact or law that can be more efficiently addressed in a consolidated proceeding.

First, the Town believes the motion is premature. Plaintiffs appear to agree. Their letter only informs the Court of their intention to seek consolidation at a later date, after the May 14, 2015 hearing on Plaintiffs' TRO request and further asks that briefing on such a motion take place *after* the TRO hearing.

The Town agrees that a motion to consolidate is premature while the Court addresses Plaintiffs' request for a TRO, particularly since neither case is at issue (and the FAA has just sought an additional extension of time to respond to the complaint in the FAA Action). The respective defendants, the Town and the Federal Aviation Administration (FAA), may seek to dismiss either case on jurisdictional or other threshold grounds particular to each case. At this point, the Town respectfully submits that it is simply premature to determine whether there are common issues of law or fact that merit consolidation.

Attorneys at Law
Denver • Washington, DC

Kaplan Kirsch & Rockwell LLP     tel: (202) 955-5600
1001 Connecticut Ave. N.W., Suite 800     fax: (202) 955-5616
Washington, DC 20036     www.kaplankirsch.com

The Honorable Sandra J, Feuerstein
May 4, 2015
Page 2

Second, the Town opposes consolidation for the simple reason that based on the complaints there are no common issues of law or fact and consolidation would not serve judicial economy. The lack of common questions of law or fact is apparent from the face of the complaints.

Thus, the Town Action involves a constitutional challenge to three local laws enacted by the Town on April 16, 2015. Plaintiffs claim those local laws are preempted by federal law pursuant to the Supremacy Clause and violate the Commerce Clause.

The Plaintiffs in the FAA Action, in contrast, challenge two actions by the FAA. (Many, but not all, of the Plaintiffs are the same in the two cases.) First, those Plaintiffs claim the FAA lacked the authority in 2005 to settle litigation brought by a community organization, in which the FAA agreed that it would not enforce certain federal grant obligations of the Town after December 31, 2014. None of the Plaintiffs nor the Town was a party to that litigation or the settlement agreement. Second, Plaintiffs claim that the FAA's interpretation of a statute which the FAA administers – the Airport Noise and Capacity Act, 49 U.S.C. §§ 47524-47533 (ANCA) – is incorrect as a matter of law. The FAA interpretation was articulated in a letter to a Member of Congress in 2012.

The validity of a 2005 settlement agreement between the FAA and a third-party and the validity of the FAA's 2012 construction of a statute which it administers do not raise common issues of fact or law with the constitutionality of local laws which the Town adopted in 2015. The cases arise from different facts arising at different times. The cases raise different issues and are controlled by different legal principles. The FAA Action challenges the FAA's authority to settle cases and interpret the statutes it administers, while the Town Action challenges the constitutionality of legislative actions by a local government. There are no common facts or legal principles that could be more efficiently adjudicated in a consolidated proceeding.

The only apparent connection is an artificial construct of Plaintiffs. They allege that one of the reasons that the Town's local laws are unconstitutionally unreasonable is because they violate ANCA (which the FAA has interpreted not to apply here), and federal grant obligations (which the FAA has determined are not enforceable here). Even if Plaintiffs were to prevail in one or both of their arguments in the FAA Action that would not make the local laws unconstitutional because the question of compliance with laws is independent of whether the laws are preempted.

If Plaintiffs were to prevail in the FAA Action, that would allow the FAA to take whatever enforcement action it decides may be warranted. That decision is not a determination of whether the local laws adopted by the Town are constitutional under the Supremacy or Commerce Clauses; it is simply a decision on the propriety of FAA actions taken years ago. Whatever the Court ultimately decides about the FAA's conduct in the FAA Action, it is not deciding whether the Town's actions are reasonable, nonarbitrary, or discriminatory in a constitutional sense. Conversely, the issue in the Town Action – whether the local laws are constitutional – does not affect any of the issues presented in the FAA Action. The two cases simply raise different issues, arising from different facts, against different defendants, and controlled by different laws.

Because of those differences, consolidation would not serve the interests of judicial economy or efficiency. Consolidation would not reduce the amount of briefing or fact finding. The parties in

each case would have to establish different material facts and argue different legal principles. In fact, consolidation would unnecessarily complicate the two cases. Consolidation would create the potential for confusion and unnecessary briefing because all of the parties in both cases would be permitted to brief issues that are not presented in their separate cases. Moreover, there is a risk of unnecessary delay to the cases while the court adjudicates issues unique to one case only or resolves motions to dismiss applicable to only one of the cases.

For the foregoing reasons, the Town respectfully requests that the Court deny Plaintiffs' Motion to Consolidate the Town Action and the FAA Action or, in the alternative, to delay addressing the issue until defendants in each case have responded to the Complaints so the Court can better assess whether consolidation will serve any useful purpose.

Sincerely,

W. Eric Pilsk

cc:     Lisa Zornberg, Esq.
        Eric Bregman, Esq.