UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------------x

FRIENDS OF THE EAST HAMPTON AIRPORT, INC.,
ANALAR CORPORATION, HELICOPTER
ASSOCIATION INTERNATIONAL, INC.,                            No. CV-15-441 (JS) (ARL)
HELIFLITE SHARES LLC, LIBERTY HELICOPTERS,
INC., and SHORELINE AVIATION, INC.,

                      Plaintiffs,

   -against-

THE FEDERAL AVIATION ADMINISTRATION and
MICHAEL P. HUERTA, FAA Administrator, in his
official capacity,

                      Defendants.
---------------------------------------------------------------------------x

## TOWN OF EAST HAMPTON'S REPLY
## IN SUPPORT OF ITS MOTION TO INTERVENE

Plaintiffs do not dispute that the Town has an interest in this action, that the Town's motion is timely, that this action could impair the Town's ability to protect its interests, and that the Town's interests are not adequately represented by FAA. *See* Fed. R. Civ. P. 24(a)(2). Plaintiffs also do not object to the Town's request for permissive intervention. This is no surprise because although Plaintiffs name FAA as the defendant, the case is aimed at the legality of the Town's Local Laws by claiming the Local Laws violate certain federal laws that FAA must enforce. The Town has a clear, substantial, and direct interest in participating in this action (the FAA Action) in order to defend its Local Laws.

Unable to refute directly the Town's interest in this action, Plaintiffs hope to confuse the issue by focusing on side issues rather than the core standards for intervention. Specifically,

Plaintiffs contend that the Town: 1) should be barred from intervening because it opposed Plaintiffs' motion to consolidate this action with *Friends of East Hampton Airport, et al, v. Town of East Hampton*, 15 Civ. 2246 (the Town Action); and 2) does not have a sufficient interest in this action because any harm to its interests would not result from a ruling against FAA but from other events. Both arguments lack a legal basis and are strained attempts to object to intervention where no grounds for objection exist. Plaintiffs' arguments against intervention should be rejected, and the Court should grant the Town's motion to intervene either as of right or permissively.

I. **The Town Has A Substantial Interest In This Action That Is Unrelated To Its Earlier Opposition To Plaintiffs' Request To Consolidate The Two Actions.**

On April 27, 2015, Plaintiffs requested that the Court consolidate this action and the Town Action because "the actions share core questions of law and fact, including . . . the Town's obligation to comply with, and the FAA's obligation to enforce, certain federal aviation laws with regard to East Hampton Airport . . . ." Plaintiffs' Letter-Motion to Consolidate at 2, Town Action Document 14. The Town opposed the motion as premature. *See* Plaintiffs' Memorandum of Law in Opposition to the Motion to Intervene (the Opposition), Exhibit A at 1, FAA Action Document 42. Plaintiffs now contend that because of the Town's original opposition to consolidation, its motion to intervene is merely "gamesmanship" and "should not be rewarded." Opposition at 2. Plaintiffs are grasping at straws in making this allegation to oppose intervention, and are engaging in gamesmanship themselves.

The fact that the Town opposed consolidation at the early stages of the Town Action in no way undermines the Town's direct and substantial interest in the outcome of the FAA Action. Plaintiffs requested consolidation of the two cases less than a week after challenging the Local Laws in the Town Action on April 21, 2015. *See* Town's Memorandum of Law in Support of

2

Motion to Intervene (Memorandum of Law) at 3, FAA Action Document No. 39-1. At that time, and before the Town had filed its answer, it appeared that the Town Action centered on the constitutionality of the Local Laws whereas the FAA Action appeared to focus on the validity of two FAA decisions. *See* Opposition, Exhibit A at 2. In response, the Town asserted that it was premature to consolidate, particularly when the FAA had not filed its answer in the FAA Action. *Id.* at 1. Further, the Town argued that the two cases raised distinct issues that should be litigated separately. *Id.* at 2.

Plaintiffs muddied those waters, however, by raising the validity of the FAA's position when briefing their motion for a temporary restraining order in the Town Action. *See* Friends' Memorandum of Law in Support of Their Motion for a Temporary Restraining Order (TRO) at 15–21, Town Action Document 32. Specifically, Plaintiffs argued that the Town Laws were preempted because they violated the laws Plaintiffs sought to enforce in the FAA Action. *See e.g.*, *id*. at 17–18 ("In the face of such clear statutory and regulatory authority that . . . ANCA preempts the Restrictions, it is wholly unavailing for the Town to try to avoid its federal obligations by pointing to . . . [the] Bishop Responses."); *see also id*. at 18 ("The Restrictions are also preempted because they violated the Town's grant assurances under the AAIA."). Plaintiffs thereby conflated the two cases by raising in the Town Action the same issues it had raised in the FAA Action. Although the Town opposed consolidation at the outset of the case, that position is no way inconsistent with its motion to intervene given that Plaintiffs have now raised the same legal issues in both cases.

If any party has engaged in "gamesmanship," it is Plaintiffs who brought two distinct actions, sought to consolidate them, and raised the same issues in each case. And now, having abandoned their own motion to consolidate, they seek to exclude the Town while litigating issues

they believes will allow the court to strike down the Local Laws. That is the kind of tactical gamesmanship that should not be rewarded. Regardless, Plaintiffs fail to show why the Town's prior position on consolidation demonstrates that the Town does not have a sufficient interest in the FAA Action to allow intervention. At bottom, the Town's undeniable interest in this action is not lessened by its opposition to a motion on which the Court never ruled and that has been withdrawn.[1]

## II. The Town Has A Legally Protectable Interest In This Action And Should Be Granted Intervention As Of Right.

As the Town explained in its Memorandum of Law, the legal issues raised in the FAA Action overlap the legal issues Plaintiffs have been raised against the Town in the Town Action. *See* Memorandum of Law at 5–7. The interest the Town seeks to protect in this case, and which it is defending in the Town Action, is the validity of the Local Laws. Plaintiffs have alleged that the Town's Local Laws violate various federal laws; at the same time, Plaintiffs also claim FAA must enforce those same federal laws against the Town. Under Plaintiffs' theory of the case, any ruling against FAA in this case would directly call into question the validity of the Local Laws and could be used as a precedent against the Town in its defense of the Local Laws in the Town Action. Thus, the Town has a legally protectable interest in this action.

In response, Plaintiffs contend that the Town's interest in this action is not sufficient for intervention as of right under Rule 24(a)(2) because the Town's interest is contingent on other

---

[1] Plaintiffs cite to only one case for the proposition that the Court must hold the Town to its earlier position on consolidation, *Citizens Against Casino Gambling in Erie Cnty. v. Hogen*, 704 F. Supp. 2d 269, 282 (W.D.N.Y. 2010). That case has markedly different facts. In *Hogen*, the Court denied intervention because the applicant had "made a calculated decision to forego the opportunity to participate as a party" in two earlier, related lawsuits and their appeals. *Id*. The Court noted that the applicant had "been aware of its interest with regard to these issues since in or about January 2006, and that it chose not to seek permission to intervene until some three and one-half years later . . . ." *Id*.

events. Opposition at 3. Even if the Town would be "adversely affected" by a ruling in this action (*id*. at 4), Plaintiffs assert that the Town's interests would not be harmed "unless and until the FAA then brought a separate enforcement action against the Town's local laws and prevailed." *Id*. at 3.[2] According to Plaintiffs, the Town's interest in this action is not defending the validity of the Local Laws under attack, but is, as Plaintiffs artfully describe, a "*reliance interest* in the Bishop Responses" that cannot be independently enforced by the Town and is not "legally protectable." *See* Opposition at 4 (emphasis added).

This characterization of the Town's interest is self-serving and is belied by Plaintiffs' own actions. In the Town Action, Plaintiffs argued that the Local Laws were preempted because they violate the laws FAA has said do not apply. *See* Friends' Memorandum of Law in Support of Their Motion for a TRO at 2. Under Plaintiff's' theory, a decision against the FAA here would provide a basis to argue that the Local Laws are preempted. Thus, Plaintiffs' own strategy undercuts their argument that the Town has no direct interest in the outcome of this case. A close look at the cases selectively quoted by Plaintiffs further show that their "reliance interest" argument is a mere distraction and not a legitimate argument against intervention.

Plaintiffs quote from *Washington Electric Cooperative, Inc. v. Massachusetts Municipal Wholesale Electric Company* and *American Lung Association v. Reilly*, where the courts denied intervention because the applicant's interests were dependent on a "double contingency" of events. *See* Opposition at 3. However, the facts of both cases could not be more dissimilar than

---

[2] Plaintiffs incorrectly state that the Town previously acknowledged a "judgment in Plaintiffs' favor in the FAA Action would not necessarily affect the Town unless and until the FAA then brought a separate enforcement action against the Town's local laws and prevailed. Ex. A at 2." Opposition at 3. The Town made no such acknowledgement in its opposition to consolidation. *See id.*, Exhibit A. Moreover, the issue now is the extent to which a decision in favor of Plaintiffs in the FAA Action would affect the Town's ability to defend itself in the Town Action, not on what action the FAA might take.

those of this action, where a decision against FAA could be used by Plaintiffs against the Town in the Town Action.

In *Washington Electric Cooperative*, the Vermont Department of Public Service (VDPS) sought to intervene as a plaintiff in a suit by a power purchasing cooperative against a power company. 922 F.2d 92, 93 (2d Cir. 1990). In the underlying action, the cooperative sought to recover money paid to the power company under an agreement that was declared void by the Vermont Supreme Court. VDPS sought to intervene on behalf of ratepayers to recover a portion of the money. *Id*. at 95. The Second Circuit Court of Appeals found that VDPS's interests were not "direct or substantial" but "based upon a double contingency: [the cooperative] first must win a judgment against [utility], and the [Vermont Public Service] Board then must determine that ratepayers are entitled to a percentage of that recovery." *Id*. at 97. In contrast to the legal issues in this action, the Court of Appeals stated that the case did not involve "resolution of new legal issues but a conventional contractual dispute, [and therefore,] the doctrine of *stare decisis* also will not control future, related actions by [proposed intervenor]." *Id*. at 98.

Similarly, in *American Lung Association v. Reilly*, electric utilities sought intervention in a challenge to the U.S. Environmental Protection Agency's (EPA) National Ambient Air Quality Standards (NAAQS) because, according to the utilities, if the standards were revised to be more stringent, they may face higher operating costs. 141 F.R.D. 19, 21 (E.D.N.Y. 1992). This Court found that the utilities' interests were not legally protectable because they were based on a "double contingency of events; first, the plaintiffs must prevail in [the] lawsuit and second, the

6

defendant[] [EPA] must then downwardly revise the NAAQS standards" through rulemaking. *Id.* at 21–22.[3]

Unlike the "double contingency" interests in *Washington Electric Cooperative* and *American Lung Association*, the Town's interest is not dependent on another event following a decision against FAA in this action and the Town does not seek to "inject collateral issues into [the] existing action." *Washington Electric Cooperative*, 922 F.2d at 97. *See also New York News, Inc. v. Kheel*, 972 F.2d 482, 486 (2d Cir. 1992) (intervention not appropriate to seek Rule 11 sanctions). The Town has a direct interest in protecting the legality of the Local Laws, the validity of which is the central issue in this action. Also, because Plaintiffs have framed their constitutional claims in the Town Action to include the very same claims they seek against FAA in this action, any ruling against FAA could have a direct impact on the Town's ability to defend the Local Laws in the Town Action. *See Citizens for an Orderly Energy Policy, Inc. v. County of Suffolk*, 101 F.R.D. 497, 501 (E.D.N.Y. 1984) ("[T]he principle of *stare decisis* would undoubtedly impair [its] ability to protect its interest were it prevented from intervening in this action . . . ."). Thus, Plaintiffs have failed to show that the Town does not have a direct and substantial interest in this action. If the Town is not permitted to intervene, its interest in, and its ability to defend, the legality of the Local Laws would be impaired. *See MasterCard Int'l, Inc. v. Visa Int'l. Serv. Ass'n, Inc.,* 471 F.3d 377, 390 (2d Cir. 2006) ("Rule 24(a)(2) provides for intervention as of right 'when . . . the disposition of the action may as a practical matter impair or impede the person's ability to protect that interest . . . .'").

---

[3] Plaintiffs also cite to *New York News, Inc. v. Kheel*, 972 F.2d 482 (2d Cir. 1992) in arguing that Town's interests are not "legally protectable." *See* Opposition at 4. The facts in *Kheel* are not remotely similar to those in this action. In *Kheel*, the court rejected a non-party's request for Rule 24(a)(2) intervention "for the purposes of moving for Rule 11 sanctions against the parties to the action." 972 F.2d at 483–84.

### III. In The Alternative, The Town Should Be Granted Permissive Intervention, Which Plaintiffs Have Not Contested.

As the Town explains in its Memorandum of Law, permissive intervention in this Action is appropriate under Rule 24(b). *See* Memorandum of Law at 8–9. Plaintiffs do not object to permissive intervention in the Opposition, nor contend that the Town lacks a "claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B); *see* Plaintiffs' Letter-Motion at 2. Nevertheless, in arguing against intervention under Rule 24(a), Plaintiffs contend without elaboration that including the Town in this action will cause delay and unnecessary briefing. *See* Opposition at 5. But the Town seeks intervention only to the extent that FAA fails to represent its interests and asks only for the opportunity to submit one brief if necessary. That will cause neither delay nor any unnecessary briefing. Accordingly, if the Court denies intervention as a matter of right, the Court should grant the Town permissive intervention under Rule 24(b).

### CONCLUSION

For the foregoing reasons and those in its Memorandum of Law, the Town respectfully requests that the Court grant its motion to intervene.

Dated: October 2, 2015

Respectfully Submitted,

KAPLAN KIRSCH & ROCKWELL LLP

_____/S/_____

| | |
|---|---|
| FARRELL FRITZ, P.C. | W. Eric Pilsk |
| Eric Bregman | Peter J. Kirsch |
| 50 Station Road Building 1 | 1001 Connecticut Ave., NW |
| Water Mill, NY  11976 | Suite 800 |
| Tel:  (631) 357-3100 | Washington, DC  20036 |
| | Tel:  (202) 955-5600 |

Attorneys for the Town of East Hampton

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that he has caused true and correct copies of this Reply In Support Of Its Motion to Intervene to be served on October 2, 2015, via the Court's electronic filing system upon all counsel of record:

Dated: October 2, 2015

                                    KAPLAN KIRSCH & ROCKWELL LLP

                                    /S/

W. Eric Pilsk
1001 Connecticut Ave., NW
Suite 800
Washington, DC  20036
Tel:  (202) 955-5600
epilsk@kaplankirsch.com